UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RJ GORMAN MARINE CONSTRUCTION, LLC, a Florida Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CARMODY AND ASSOCIATES, INC., an Illinois Corporation, <br><br> Defendant. | Case No.: 5:23-cv-19-MCR-MJF |

## DEFENDANT CARMODY AND ASSOCIATES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Carmody and Associates, Inc. ("Carmody"), by and through its counsel, Guilday Law, P.A., as and for its Answer and Defenses to the Complaint filed by RJ Gorman Marine Construction, LLC ("Plaintiff"), states upon information and belief as follows:

## JURISDICTIONAL ALLEGATIONS

1. Paragraph 1 of the Complaint contains legal conclusions and/or non-factual statements to which no response is required. To the extent Paragraph 1 contains allegations of fact as to Carmody, they are denied.

2. Carmody lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 2 of the Complaint and on that basis denies them.

3.  Carmody admits the allegations of Paragraph 3 of the Complaint.

4.  Carmody admits that there are documents attached to the Complaint which purport to be Exhibits "A" and "B" to the Complaint. Carmody further admits that the language quoted in the first sentence of Paragraph 4 appears on Exhibit "A". Carmody further admits it markets for the sale of cranes in the State of Florida. All remaining allegations contained in Paragraph 4 are denied.

5.  Carmody admits the allegations of Paragraph 5 of the Complaint.

6.  Carmody denies the allegations of Paragraph 6 of the Complaint. Based upon the contract entered into between the Parties and with which Plaintiff acted in conformity, venue and jurisdiction are proper in Clinton County, Illinois. Carmody intends to file the appropriate motions to transfer the matter to Clinton County, Illinois. However, the relevant facts and documents related to those motions are outside the four corners of the Complaint and are therefore not proper for inclusion in Carmody's responsive pleading.

7.  Carmody denies the allegations of Paragraph 7 of the Complaint. Based upon the contract entered into between the Parties and with which Plaintiff acted in conformity, venue and jurisdiction are proper in Clinton County, Illinois. Carmody intends to file the appropriate motions to transfer the matter to Clinton County, Illinois. However, the relevant facts and documents related to those motions are

outside the four corners of the Complaint and are therefore not proper for inclusion in Carmody's responsive pleading.

## GENERAL ALLEGATIONS

8. Carmody lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 8 of the Complaint and on that basis denies them.

9. Carmody lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 9 of the Complaint and on that basis denies them.

10. Carmody denies the allegations of Paragraph 10 as phrased. Plaintiff did not "enter[] into discussions…to locate a crane." Rather, Plaintiff contacted Carmody about a specific crane that was already depicted on Carmody's website. Carmody specifically denies the allegations of Paragraph 10 that Plaintiff informed Carmody of the purposes for which Plaintiff was intending to use the crane.

11. Carmody denies the allegations of Paragraph 11 as phrased. The subject crane was already listed for sale on Carmody's website.

12. Carmody denies the allegations of Paragraph 12 as phrased. The viewing of the crane by Plaintiff required disassembly, transport of the disassembled components, and reassembly for an operational test by Plaintiff's crane operator.

Plaintiff then requested a third-party inspection of the crane, which is typically paid for by the buyer.

13. Carmody denies the allegations of Paragraph 13 as phrased. Plaintiff has grossly over-simplified the transaction to such an extent as to make Plaintiff's allegation a misrepresentation. Plaintiff has omitted significant portions of the transaction, including Plaintiff's retention of a third-party inspector, the memorialization of Plaintiff's repair requirements into a contract in the form of an invoice, and the fact that Plaintiff's $100,000 deposit was Plaintiff's agreement to the terms of that contract.

14. Carmody denies the allegations of Paragraph 14 as phrased. There was no "deficiency" with the crane as that term is typically defined. The alleged "deficiency" was that the crane had previously been used for a particular purpose which Plaintiff contends made the crane unfit for Plaintiff's use. This issue, which is unique to Plaintiff, was never raised by Plaintiff prior to the request to rescind the contract.

15. Carmody denies the allegations of Paragraph 15 as phrased. Carmody located two additional cranes which met Plaintiff's newly disclosed requirements, which Plaintiff unilaterally refused to purchase. Subsequently, and without informing Carmody, Plaintiff purchased a crane from a separate vendor in breach of the contract Plaintiff had with Carmody.

16. Carmody admits that Plaintiff demanded Carmody return the $100,000 deposit. Carmody denies any factual or legal implications regarding the demand.

17. Carmody denies the allegations of Paragraph 17. Carmody is not in possession of the $35,000, as $30,000 was paid to the seller of the crane as a non-refundable deposit. Plaintiff was aware of the non-refundable portion of the deposit at the time the contract was entered into.

18. Carmody admits Plaintiff demanded return of the $35,000. Carmody denies the remaining allegations of Paragraph 18 of the Complaint. More specifically, Carmody states that it is not in possession of the $35,000 and that it is therefore incapable of returning same.

19. Carmody admits that it received a copy of the letter attached as Exhibit "C" to the Complaint. Carmody denies the factual allegations and implications contained with Exhibit "C".

20. Carmody denies the allegations of Paragraph 20 of the Complaint.

21. Carmody lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 21 of the Complaint and on that basis denies them.

## COUNT I – CIVIL THEFT

22. Defendant incorporates the responses to Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant admits that Plaintiff is making a claim for civil theft in the amount of $105,000. Defendant denies that any such claim exists or that Plaintiff is entitled to any such damages.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant admits receipt of Exhibit "C", but denies the factual allegations and implications contained within same.

27. Defendant admits Paragraph 27 of the Complaint, but denies any factual allegations and implications arising from receipt of the referenced letter.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

## COUNT II – UNJUST ENRICHMENT

30. Defendant incorporates the responses to Paragraphs 1 through 21 as if fully set forth herein.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

## COUNT III – BREACH OF CONTRACT

36. Defendant incorporates the responses to Paragraphs 1 through 21 as if fully set forth herein.

37. Paragraph 37 of the Complaint contains legal conclusions and/or non-factual statements to which no response is required.  To the extent Paragraph 37 contains allegations of fact as to Carmody, they are denied.

38. Defendant admits the specific factual allegations of Paragraph 38 of the Complaint, but denies any factual or legal implications of same.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant admits the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the existence of an oral contract because a written contract exists between the Parties.  Defendant also denies any remaining allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

## CARMODY'S DEFENSES

Carmody raises the following defenses to the Complaint and specifically reserves the right to amend or add additional defenses.

**FIRST DEFENSE**

Carmody asserts the defenses of insufficiency of process and insufficiency of service of process.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Carmody.

**THIRD DEFENSE**

Venue is improper in the State of Florida because the relevant contract documents provide that the venue for all claims arising out of the transaction at issue in this litigation shall be in Clinton County, Illinois. The relevant written contract is a purchase order-style invoice including all material terms to the transaction. After the terms of the transaction were memorialized, Plaintiff immediately acted in conformity therewith through payment of the $100,000 deposit.

**FOURTH DEFENSE**

The Complaint is barred, in whole or in part, by the doctrines of equitable estoppel and unclean hands. Plaintiff is seeking equitable relief under the doctrine of unjust enrichment. However, to obtain equitable relief, the party seeking said relief must have acted equitably. During the course of the transaction at issue, Plaintiff has failed to observe standard industry practices, failed to provide all specific requirements for the equipment it was seeking, and impermissibly uses the

transaction as a "stalking horse" for purchasing a separate piece of crane equipment from a separate vendor.

### FIFTH DEFENSE

The Complaint is barred to the extent it fails to allege a justiciable controversy. Plaintiff contends that Defendant has failed to return a $35,000 deposit. However, Defendant is not in possession of the deposit, as $30,000 of the deposit was passed through to the Seller of the crane to cover the industry standard non-refundable deposit/restocking fee for cranes pulled out of service for the purpose of inspection and potential sale. Cranes removed from service are unable to earn regular rental income thereby making the non-refundable deposit/restocking fee a form of compensation to the Seller for the loss of use of the equipment during the inspection period. The non-refundable nature of the deposit negates Plaintiff's claimed controversy for failure to return a deposit.

### SIXTH DEFENSE

Carmody acted in conformity with all accepted industry standards and practices throughout the transaction and states that Plaintiff was fully aware of all such industry standards and practices.

### SEVENTH DEFENSE

Carmody has not been unjustly enriched as it has offered to return the limited funds it still has in its possession. Additionally and as set forth above, $30,000 of

the $35,000 Plaintiff states is at issue was immediately passed through to the Seller in the form of a non-refundable deposit/re-stocking fee. Carmody has offered to return the remaining $5,000 in full resolution of this matter, which offer has been rejected by Plaintiff. Carmody has therefore neither received a benefit nor is it retaining a benefit in relation to Plaintiff's deposit funds. To the extent Carmody does still have the $5,000 in funds, this is the result of Plaintiff's failure to accept those funds from Carmody. Had Plaintiff accepted the $5,000 from Carmody, Carmody would not be in possession of any funds that are in any way connected to Plaintiff.

## EIGHTH DEFENSE

Carmody is not refusing to return any deposit in violation of Fla. Stat. § 772.11 as alleged by Plaintiff. Carmody has made every attempt to tender the $5,000 of Plaintiff's funds that are in Carmody's possession back to Plaintiff, but Plaintiff has refused to accept payment of those funds. The remaining $30,000 of the $35,000 at issue in this litigation are not within the possession, custody, or control of Carmody and, therefore, cannot serve as a predicate for damages under section 772.11. Plaintiff was fully aware, at minimum based on standard industry practice, that some portion of the $100,000 deposit would be a non-refundable deposit made to the Seller for pulling the crane out of the field for inspection and possible sale. Further, Plaintiff has been informed, subsequent to the termination of the transaction after

Plaintiff's bad-faith purchase of a crane from a separate seller, that the $30,000 is no longer in Carmody's possession and that Carmody has no ability to force the Seller to disgorge same.

## NINTH DEFENSE

Plaintiff's recovery, to the extent a recovery is determined to be owed, should be limited to the extent Plaintiff has failed to mitigate its damages. Carmody has attempted to tender the only funds it has in its possession which were part of Plaintiff's $100,000 good-faith deposit. Should Plaintiff prevail in this action, any award should be reduced by the amount Carmody has attempted to tender and any resulting multiplier in conjunction with the treble damages claim related to Plaintiff's civil theft claim.

## TENTH DEFENSE

Carmody sets forth those defenses specifically enumerated in Federal Rule of Civil Procedure 12(b) in the event the evidence makes any such defenses applicable.

## ELEVENTH DEFENSE

Carmody may have additional defenses that cannot be articulated due to the generality of the Complaint, the absence of documents, and/or due to the early stages of this litigation. Accordingly, Carmody reserves the right to supplement the foregoing and to assert additional defenses as may appear after the claims are

particularized, and after discovery of information concerning the matters set forth in the Complaint.

**WHEREFORE**, Defendant Carmody and Associates, Inc. demand that the Complaint as against it be dismissed on the merits and with prejudice, or that judgment be entered in its favor, and that it be awarded the costs of suit incurred hereunder, together with indemnification for damages incurred by Carmody including reasonable attorney's fees and costs, and such other and further relief as the Court may deem just and proper.

CARMODY AND ASSOCIATES, INC.,
**Defendant**

   /s/ William R. Sickler
William R. Sickler • FBN 0070639
robbie@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL 32308
Secondary: stephanie@guildaylaw.com
(850) 224-7091 (Telephone)
(850) 222-2593 (Facsimile)
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I caused to be electronically filed the foregoing *Answer and Defenses* with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

John H. Adams
Beggs & Lane
501 Commendencia Street
Pensacola, FL 32502
jha@beggslane.com
cc: jnc@beggslane.com

/s/ William R. Sickler
Attorney

13